Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JUAN CARLOS LARA VARGAS,
*individually and on behalf of others similarly*
*situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiff,* | **COLLECTIVE ACTION** |
| | **UNDER 29 U.S.C. § 216(b)** |
| -against- | |
| | **ECF Case** |
| KALAMOTI INC. (d/b/a | |
| RIDGEWAY DINER), and JOHN | |
| VITELAS | |
| *Defendants.* | |

--------------------------------------------------------X

    Plaintiff Juan Carlos Lara Vargas ("Plaintiff Lara" or "Mr. Lara"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of Defendants Kalamoti Inc. ("Defendant Corporation") and John Vitelas (collectively, "Defendants"), as follows:

<u>**NATURE OF ACTION**</u>

    1.    Plaintiff Juan Carlos Lara Vargas ("Plaintiff Lara" or "Mr. Lara") is a former employee of Defendants Kalamoti Inc. (d/b/a Ridgeway Diner) and John Vitelas.

    2.    Ridgeway Diner is a diner owned by John Vitelas located at 664 Sixth Avenue, New York, New York 10010.

    3.    Upon information and belief, Defendant John Vitelas serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates or operated the Diner.

4.      Plaintiff Lara is a former employee of Defendants.

5.      Plaintiff Lara was employed as a dishwasher and delivery worker.

6.      However, when ostensibly working as a delivery worker, Plaintiff Lara was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to washing dishes, cleaning plates, washing the stove and kitchen area, collecting trays, sweeping and mopping, taking out the garbage and  cleaning the bathroom, (hereinafter, "non-delivery, non-tip duties").

7.      At all times relevant to this Complaint, Plaintiff Lara worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Lara the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants failed to pay Plaintiff Lara the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.     Defendants employed and accounted for Plaintiff Lara as a delivery worker, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped functions such as those alleged above.

11.     At all times, regardless of duties, Defendants paid Plaintiff Lara and all other delivery workers at a rate that was lower than the required tip-credited rate.

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Lara's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Lara's actual duties in payroll records to avoid paying Plaintiff Lara at the minimum wage rate, and to enable them to pay Plaintiff Lara at the lower tip-credited rate (which they still failed to do),  by designating him as a delivery worker instead of a non-tipped employee.

14.     Defendants' conduct extended beyond Plaintiff Lara to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lara and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiff Lara now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

3

17.     Plaintiff Lara seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Lara's state law claims is conferred by 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Lara was employed by Defendants in this district.

## PARTIES

*Plaintiff Juan Carlos Lara Vargas*

20.     Plaintiff Lara ("Plaintiff Lara" or "Mr. Lara") is an adult individual residing in Bronx County, New York.

21.     Plaintiff Lara was employed by Defendants from approximately March 15, 2015 until on or about October 16, 2016.

22.     Plaintiff Lara consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     At all times relevant to this complaint, Defendants own, operate, and/or control a Diner located at 664 Sixth Avenue, New York, New York 10010, under the name "Ridgeway Diner."

24.     Upon information and belief, Kalamoti Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 664 Sixth Avenue, New York, New York 10010.

25.     Defendant John Vitelas is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant John Vitelas is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

26.     Defendant John Vitelas possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

27.     Defendant John Vitelas determined the wages and compensation of the employees of Defendants, including Plaintiff Lara, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate a diner located in the Chelsea section of Manhattan.

29.      Individual Defendant John Vitelas possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

5

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiff Lara's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Lara, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiff Lara, and all similarly situated individuals, and are Plaintiff Lara's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Lara and/or similarly situated individuals.

34.     Upon information and belief, individual defendants John Vitelas operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

6

(d)      operating Defendant Corporation for his own benefit as the sole or

majority shareholder;

(e)      operating Defendant Corporation for his own benefit and maintaining

control over it as a closed Corporation or a closely controlled entity;

(f)      intermingling assets and debts of his own with Defendant Corporation;

(g)      diminishing and/or transferring assets of Defendant Corporation to protect

his own interests; and

(h)      other actions evincing a failure to adhere to the corporate form.

35.      At all relevant times, Defendants were Plaintiff Lara's employers within the

meaning of the FLSA and NYLL.

36.      Defendants had the power to hire and fire Plaintiff Lara, controlled the terms and

conditions of his employment, and determined the rate and method of any compensation in

exchange for Plaintiff Lara's services.

37.      In each year from 2015 to 2016, Defendants, both individually and jointly, had

gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated).

38.      In addition, upon information and belief, Defendants and/or their enterprises were

directly engaged in interstate commerce. For example, numerous items that were used in the

diner on a daily basis, such as condiments and oranges, were produced outside of the State of

New York.

*Individual Plaintiff*

39.     Plaintiff Lara is a former employee of Defendants, employed in performing the duties of dishwasher and delivery worker.

40.     Plaintiff Lara seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Juan Carlos Lara Vargas*

41.     Plaintiff Lara was employed by Defendants from approximately March 15, 2015 until on or about October 16, 2016.

42.     Defendants employed Plaintiff Lara as a dishwasher and ostensibly as a delivery worker.

43.     However, when employed as a delivery worker, Plaintiff Lara was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

44.     Although Plaintiff Lara was ostensibly employed as a delivery worker, he spent over 20% of each day performing non-delivery work throughout his employment with Defendants.

45.     Plaintiff Lara regularly handled goods in interstate commerce, such as dishwashing liquids and cleaning supplies produced outside of the State of New York.

46.      Plaintiff Lara's work duties required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Lara regularly worked in excess of 40 hours per week.

48.     From approximately March 15, 2015 until on or about October 16, 2016, Plaintiff Lara worked from approximately 11:00 a.m. until on or about 9:00 p.m. Mondays through Saturdays and from approximately 8:00 a.m. until on or about 7:00 p.m. on Sundays; however, some weeks he could only work 6 days (typically 61 to 71 hours per week).

49.     Throughout his employment with Defendants, Plaintiff Lara was paid his wages in cash.

50.     From approximately March 15, 2015 until on or about October 16, 2016, defendants paid Plaintiff Lara a fixed salary of $350 per week when he worked 6 days and $400 per week when he worked 7 days.

51.     Plaintiff Lara was never notified by Defendants that his tips would be included as an offset for wages.

52.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Lara's wages.

53.     Defendants did not provide Plaintiff Lara with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

54.     Throughout his employment, Plaintiff Lara was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

55.     Defendants never provided Plaintiff Lara with a written notice, in English and in Spanish (Plaintiff Lara's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.     No notification, either in the form of posted notices or other means, was ever

given to Plaintiff Lara  regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

57.     Defendants regularly required Plaintiff Lara to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime, or spread of hours compensation.

58.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lara (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

59.     At no time did Defendants inform their employees, including Plaintiff Lara, that they had reduced their hourly wages by a tip allowance.

60.     Defendants required Plaintiff Lara, and all other delivery workers, to perform general non-delivery, non-tipped tasks in addition to their primary duties as delivery workers.

61.     Plaintiff Lara and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

62.     Plaintiff Lara and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiff Lara's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

63.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day. . . in which he has been assigned to work in an occupation in

10

which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

64.      In violation of federal and state law as codified above, Defendants classified Plaintiff Lara and other delivery workers as tipped employees but did not even pay them at the tip-credited rate, when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

65.      Plaintiff Lara was paid his wages entirely in cash.

66.      Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

67.      By employing these practices, Defendants avoided paying Plaintiff Lara the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

68.      Defendants failed to post required wage and hour posters in the Diner, and did not provide Plaintiff Lara with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Lara's relative lack of sophistication in wage and hour laws.

69.      Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Lara (and similarly situated individuals) worked, and to avoid paying Plaintiff Lara properly for (1) the minimum wage and (2) for overtime due.

70.     Defendants failed to provide Plaintiff Lara and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

71.     Defendants failed to provide Plaintiff Lara and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

72.     Plaintiff Lara brings his FLSA claims for minimum and overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or

any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

73.    At all relevant times, Plaintiff Lara  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

74.    The claims of Plaintiff Lara stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

75.    Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

76.    At all times relevant to this action, Defendants were Plaintiff Lara's   employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Lara (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

77.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

79.     Defendants failed to pay Plaintiff Lara (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

80.     Defendants' failure to pay Plaintiff Lara (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

81.     Plaintiff Lara (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE FLSA OVERTIME PROVISIONS

82.     Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

83.     At all times relevant to this action, Defendants were Plaintiff Lara's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Lara (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

84.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

86.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Lara  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

87.     Defendants' failure to pay Plaintiff Lara (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88.      Plaintiff Lara (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

89.     Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Lara's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Lara (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

91.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Lara (and the FLSA Class members) less than the minimum wage.

92.     Defendants' failure to pay Plaintiff Lara (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Lara (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK STATE LABOR LAW'S OVERTIME PROVISIONS

94.     Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Lara (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

96.     Defendants failed to pay Plaintiff Lara (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

97.     Defendants' failure to pay Plaintiff Lara (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

98.      Plaintiff Lara (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

99.     Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants failed to pay Plaintiff Lara one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Lara's spread of hours exceeded ten

hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

101.    Defendants' failure to pay Plaintiff Lara an additional hour's pay for each day Plaintiff Lara's spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

102.    Plaintiff Lara was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

103.    Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants failed to provide Plaintiff Lara with a written notice, in English and in Spanish (Plaintiff Lara's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

105.    Defendants are liable to Plaintiff Lara in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

106.    Plaintiff Lara repeats and realleges all paragraphs above as though set forth fully herein.

107.    Defendants did not provide Plaintiff Lara with a statement of wages with each payment of wages, as required by NYLL 195(3).

108.     Defendants are liable to Plaintiff Lara in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lara   respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lara and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lara and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Lara's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Lara and the FLSA class members;

(f)     Awarding Plaintiff Lara and the FLSA class members damages for the amount of

18

unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Lara and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lara and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lara  and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Lara  and the members of the FLSA Class;

(k)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Lara's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Lara's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Lara and the FLSA Class members;

(n)     Awarding Plaintiff Lara and the FLSA class members damages for the amount of

unpaid minimum and overtime wages, damages for any improper deductions or credits taken

against wages as well as awarding spread of hours pay under the NYLL as applicable;

(o)     Awarding Plaintiff Lara damages for Defendants' violation of the NYLL notice

and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Lara and the FLSA class members liquidated damages in an

amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages,

spread of hours pay and damages for any improper deductions or credits taken against wages

under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(q)     Awarding Plaintiff Lara  and the FLSA class members pre-judgment and post-

judgment interest as applicable;

(r)      Awarding Plaintiff Lara  and the FLSA class members the expenses incurred in

this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Lara demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
        November 23, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By: Michael A. Faillace [MF-8436]
   60 East 42nd Street, Suite 2540
   New York, New York 10165
   (212) 317-1200
   *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 23, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            **Juan Carlos Lara Vargas**

Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:        *Juan Carlos L.V.*

23 de noviembre de 2016

Date / Fecha:

*Certified as a minority-owned business in the State of New York*